of State, County, and Municipal Employees, et al., and 21-1684, Minnesota, Mark Fellows, et al., v. Minnesota Association of Professional Employees. Good morning, your honors, may I please... Just a moment, please. If I don't get the All right, very good. Mr. Schwab. Thank you, your honor. May it please the court, my name is Jeffrey Schwab, I represent the plaintiffs' appellants in both the Brown v. AFSCME Council V and Fellows v. Minnesota Association of Professional Employees cases. As we've heard in the last argument, this case is very similar except for it provides a very narrow question before this court, and that is, whether there's a categorical good faith defense to section 1983 that shields a defendant from damages liability for depriving citizens of their constitutional rights if the defendant acted under color of law before it was held unconstitutional. And, your honor, Judge Lokman asked a question in the last case, his first question about Judge Fischer and the concurring opinion in the Diamond case. First, I'd like to point out that Judge Fischer's concurring opinion rejects what the unions in both cases are advocating for here, and that is the categorical good faith defense. You can read his concurring opinion along with Judge Fischer's dissenting opinion as to why they believe that the categorical good faith defense as it's been adopted by other circuit courts is wrong. And for those same reasons, we believe that a categorical good faith defense is wrong. Counsel, it strikes me that this is just an argument you're opposing. Well, we don't have to endorse the argument you're opposing in order to affirm. So let's get on to what matters. Well, that's true, your honor, except that the broad categorical good faith defense could have much longer and unfortunate consequences for cases not just like this one. I'm not in the business of rendering advisory opinions because the Constitution doesn't let me. And so these cause arguments leave me very cold, frankly. Fair point, your honor. I'd also ask you to look at Judge Phipps' dissenting opinion addressing the argument that Judge Fischer makes. And I think Judge Phipps makes a good argument as to why Judge Fischer's argument is incorrect. If I can kind of summarize that, what Judge Phipps says is that Judge Fischer relies on the agency payments at issue here were not voluntary. He uses the term conducted without duress or fraud, but Judge Phipps says the agency payments here were not voluntary. There were garnishments that were paid to unions. He also goes on to say more fundamentally, Judge Fischer's approach is analogous to the one that the Supreme Court did not adopt in the Wyatt case, which prompted Judge Rehnquist's dissent. I'm sorry, Chief Judge Rehnquist's dissent. Or Chief Justice. You could go with Chief Justice. Yeah, I'm sorry. That's what I meant to say. Chief Justice Rehnquist's dissent. And then Judge Phipps goes on to say that Section 1983 created a new statutory cause of action, not one predefined by common law. Thus, it is immaterial that no pre-1871 cause of action permitted recovery for voluntary payments that were subsequently declared unconstitutional. The Civil Rights Act of 1871 established a new cause of action in part to provide, quote, a remedy where state law was inadequate. I would ask your honors to look at Judge Phipps' dissenting opinion on that issue and also on other issues. The first reason that I think this court should reject a categorical good faith defense is that it conflicts with the text and the purpose of Section 1983. The relevant part, Section 1983 says that every person who under color of any statute deprives a citizen of a constitutional right shall be liable to the party injured in an action of law. That proposition, the proposition that defendants good faith reliance on a state statute exempts it from Section 1983 liability has no basis in Section 1983's text. In fact, the proposition conflicts with the statute in two ways. Where do we get a retroactive remedy from the text? Statutes are prospective. Well, it's true, your honor. I think my point is that we started the text and of course, obviously, the courts have adopted... The text, to me, the text is classic, it's neutral. Well, I think the point is that there's two points that I think the text provides context for. First, that the text provides that every person who deprives a party of a constitutional right shall be liable to the party injured in action of law. The good faith defense would contradict that statement. Second, an element of Section 1983 is that the defendant must act under color of state law. So a defendant acting under color of state law can't be both an element to a Section 1983 claim and a defense to that same claim. That would render the statute self-defeating. Any private defendant that acted under color of state law, as Section 1983 requires, would then be shielded from liability because it acted under color of state law. That makes no sense. Also, I would point to Judge Phipps' dissent where he talks about the purpose of Section 1983 and how the categorical good faith defense, it inverts the purpose of Section 1983. Judge Phipps says that a good faith affirmative defense that is a state actor merely following state law is especially a bad fit as an atextual addition to Section 1983. And then finally, in Rayburg, the Supreme Court said that courts do not have license to create immunities based on the court's view of sound policy. Courts are a court in immunity only when there is a quote, a tradition of immunity so firmly rooted in the common law that was supported by strong policy reasons that Congress would have specifically so provided had it wished to abolish the doctrine when it was enacted in Section 1983. Counsel, we're not talking about immunity. That's true, Your Honor, but we're talking about an equitable defense and the question of whether there's an immunity is relevant. That's your characterization. Judge Fischer and I think Judge Ward in the Seventh Circuit said we're talking about an element of the claim, not a defense to the claim. No, Your Honor, I think that that is confused by the, I think those judges are confused by the court's decision in Wyatt. So I'd like to explain why Wyatt decided that, Wyatt actually provides for no categorical good defense, a good faith defense, and Wyatt rather, a majority of, I'm sorry, the court decided a question of whether a private defendant who used an ex parte repletum statute to seize the plaintiff's property without due process of law was entitled to qualified immunity in a Section 1983 claim. The court recognized the plaintiff's claims were analogous to malicious prosecution and abuse of process and that a common law, private defendants could defeat a malicious prosecution or abuse of process action if they acted without malicious malice and with probable cause. But the Wyatt court didn't even hold that plaintiffs in that case were entitled to a claim specific good faith defense because their case actually just sought qualified immunity, which the court denied because rationales mandating qualified immunity for public officials are not applicable to private parties. The court left open in Wyatt whether defendants could raise, quote, an affirmative defense based on good faith and or probable cause. But contrary to Judge Wood and the other judges that you mentioned, Judge Loken, the conclusions or the defenses the judge were suggesting in Wyatt was not a categorical defense to all Section 1983 damages claims. Rather, it was a good faith defense to the malice and probable cause elements of the specific due process claim at issue in that case. In this case, there are... Counsel, you just foreshortened the text of the Wyatt majority dicta that everybody's working with. It's that could be entitled to an affirmative defense based on good faith or that 1983 suits against private parties could require plaintiffs to carry additional burdens. So that explicitly leaves open the distinction that Judge Fisher and Judge Wood were capturing. I don't think so, your honor. I think what they're referring to is the specific claims in the element that is brought under Section 1983. What is there in the words of plaintiffs carrying additional burdens that suggests they're talking about defenses? I think we're, your honor, I think we're talking about the same thing. What I'm saying is that the Wyatt court is saying that the... No, wait. Counsel, just basic litigation. The same thing, an element of the claim versus an affirmative defense has tremendous significance with respect to burdens of both going forward and proof. That's true, your honor. And I think what you and I are both agreeing on is that the Wyatt court was talking about, was not talking about a defense, but was talking about the actual elements of the defense. I believe Chief Justice Rehnquist's opinion, he mentions that the good faith defense is just a way of characterizing the underlying elements of the claim that we're talking about. In that case, the underlying elements required essentially bad faith. In order to win, the plaintiffs would have to show bad faith in order to get damages. In that case, it was a malicious prosecution case. But we're talking about a First Amendment case, and there's nothing in the First Amendment that requires the plaintiffs to show bad faith or malicious prosecution or any such thing. In fact, the Supreme Court in Janus didn't require... Well, they just got the former Governor Palin's suit thrown out on the basis of failure to prove malice for her First Amendment claims. And in that case, you're talking about the First Amendment exceptions to torts. But in this case, we're talking about compelled speech. And in Janus, the Supreme Court did not require that the plaintiffs show that the unions acted in bad faith. If that was the case, then Janus wouldn't have come out that same way. And the third reason that this court should reject the good faith defense is because most of the circuit courts of appeals that have recognized the good faith defense have asserted policy interests in equality and fairness as a justification for the defense. But the Supreme Court has repeatedly stated that courts should not create quotable exceptions to legislative requirements or prohibitions that are unqualified by the statutory text. It's for Congress to determine whether Section 1983 litigation becomes too burdensome, and if so, what remedial action is appropriate. That's the Supreme Court in Tower v. Glover in 1984. Those courts don't have a license to create immunities based solely on the court's view of sound policy. The same reason applies to principles that principles of equality justify creating a defense for private defendants that is similar to the immunities enjoyed by some public defendants. Supreme Court has held that private defendants in 1983 cases are not entitled to qualified immunity. So fairness does not dictate that courts can therefore create an equivalent defense to 1983 liability for private defendants. The lower courts and the several circuit courts of appeals that have created a categorical good faith defense, which is, in essence, qualified immunity in everything but name. Further, fairness does not dictate that courts provide a categorical good faith to private defendants in 1983 cases because fairness to the victims of constitutional deprivations requires enforcing Section 1983 as written. It's not fair to make victims of constitutional deprivations pay for the union's unconstitutional conduct, nor is it fair to let wrongdoers keep ill-gotten gains. Since I'm running out of time before my rebuttal, I point to the Supreme Court's decision in Owen rejecting immunity for municipalities and the three reasons that they give there for why municipalities should not receive qualified immunity. I believe those three reasons, which are in our brief, are good reasons why this court should not create a good faith defense for private defendants in these cases. And I will leave the rest of my time for rebuttal. Very good. Let's see. Mr. Dianne, are you next? Yes. Can everyone hear me? Yes. Good for me. Sure. Okay. I'm Leon Dianne and I'm representing AFSCME Council 5, the defendant in the Brown case. I'd like to begin by addressing what I understand to be the main argument being asserted by the plaintiffs in the Brown and Fellows cases. And that argument, and we just heard it from Mr. Schwab, is that the good faith defense applies only where the underlying constitutional claim has as an element that the defendant acted in bad faith. And Mr. Schwab's argument, as I understand it, is that if you look at Wyatt and the cases where the good faith defense first took hold, including the, there's also cited in the plaintiff's briefs, the Second Circuit's Pinsky decision, their argument is that if you look at those cases, they are procedural due process cases. And the argument is that in procedural due process cases, the plaintiff has to prove bad faith to make out a violation of the due process clause. And that is the supposed distinction between those cases and a First Amendment compelled speech case. But right out of the gate, that argument collapses because its basic premise is wrong. Procedural due process claims do not require the plaintiff to prove bad faith. We've pointed this out in our briefs. We've quoted from Judge Timkovich's concise statement of the point in the Dodds versus Richardson case, where he stated, and I'll read a short passage from there. He says, procedural due process violations focus on the sufficiency of the procedural protections afforded the plaintiff, not the state of mind of the officials who establish or apply the policies. And the plaintiffs have no answer to this point. The truth is that both a compelled speech case and a procedural due process case can be proven out in terms of whether there's a violation when you set aside remedy, which I'll get to in a minute. But the violation can be established in either context without proof of bad faith. And that's clear, not just from Judge Timkovich's concise observation. The Pinsky case, which is one of the early good faith defense cases out of the Second Circuit, before it got to the Second Circuit, the Supreme Court had already determined when that case was there before the court under the name of Connecticut versus Doar, that the Connecticut statute at issue there was invalid, again, not because of any bad faith in enacting it or applying it, but simply because the statute did not accord sufficient procedural protections to debtors. So the whole effort to distinguish the post-Janus good faith cases from the pre-Janus good faith cases doesn't work. And that brings me to a second point here, which is that even though the plaintiffs in Wyatt and Pinsky could establish all of the elements of a Section 1983 claim for prospective, injunctive, and declaratory relief and validating the attachment statutes in those cases without proof of anyone having any bad state of mind, what they could not do is secure monetary relief as a remedy against the private party defendants that they sued. And this is why the plaintiffs are not only wrong in making the specific point that I just discussed, that procedural due process claims are somehow distinguishable from the Janus cases. It also illustrates why they're wrong in their whole broad thematic point. And that thematic point, as I understand it, rests on the assertion that it's anomalous to treat as a defense to a 1983 claim that the defendant relied on a seemingly valid state statute, when an element of a 1983 claim is that the defendant acted under color of state law. But that anomaly disappears once you recognize that the union's position here and the position of the defendants in all of the good faith defense cases is that good faith reliance on a seemingly valid statute is not a defense to the 1983 cause of action. It's a defense only to the particular remedy that's being sought here, which is retrospective monetary relief. And once you take account of that, then this whole notion that there's some anomaly also collapses. The reality is that Section 1983 is accomplishing a lot of work when it allows plaintiffs aggrieved by all different kinds of unconstitutional statutes to have those statutes invalidated by the federal courts and to enjoin both private and government action that is unconstitutional or that threatens unconstitutional conduct. So the notion that the seven circuits who have all rejected claims just like the plaintiffs here have been unfaithful to Section 1983 is mistaken. And I won't repeat the presentation by my colleague, Mr. Pitts, in the first case where he walked the court through the Lugar opinion and how just in the very case where the court first even recognized that private parties could be proper in footnote 23 that you would have to ameliorate the harsh impact of that rule in monetary relief cases by recognizing at the remedial phase an ability of the private party to show that it acted reasonably and in good faith reliance on a seemingly valid statute. So I don't, taking Judge Loken's admonition at the beginning that we that we have very similar issues here and I'm sure the court doesn't want to hear repetition, I will leave it at that and but certainly answer any questions that the court may have. And if there are none, I'll yield my time to my colleague, Mr. Cromlund. All right. Thank you, Mr. Cromlund. Good morning and may it please the court. I'm Scott Cromlund. I represent the union in the Fellows case. We're in the same position as the other unions. There's no allegation that my client was doing anything other than following state law and what was the Supreme Court precedent at the presentations of union counsel and I know that the court has already received a lot of argument on these issues. So unless the court has questions for me, I'll yield my time back to the court. I don't have any further questions. Let's move to rebuttal then. Mr. Schwab. Thank you, your honors. I just want to point out that Mr. Dine mentioned Mr. Pitts mentioning of Lugar and I do not believe Lugar is in any way supportive of the good faith defense or the court in a footnote in Lugar speculated that perhaps a defense should be established for private defendants who invoke seemingly valid state laws but then the court stated, quote, we need not reach the question of the availability of such a defense to private individuals at this juncture, end quote, and that, quote, we intimate no views concerning the relief that might be appropriate if a violation is shown. There's nothing in Lugar that any way should lead any court to believe that there is any such defense supported by Lugar. Secondly, the argument that the defense is only retrospective to monetary relief, I don't think that makes a difference. In fact, if this court takes into consideration retroactivity in Harper, the Supreme Court has said that its decisions are presumptively retroactive unless the court specifically says that the decision is not to be applied retroactively and there's nothing in Janus that specifically states the decision is not retroactive. In the Supreme Court's decision in Reynoldsville casket, the Supreme Court held that courts cannot create equitable remedies based on a party's reliance on a statute before it's held unconstitutional by the Supreme Court. In that case, the issue was an Ohio statute that effectively granted plaintiffs a longer statute of limitations for suing out-of-state defendants. The Supreme Court had earlier held that the statute was unconstitutional, but an Ohio state court permitted a plaintiff to proceed with a lawsuit that was filed under the statute before the Supreme Court invalidated it. The plaintiff asserted that this was a permissible, equitable remedy because she relied on the statute before it was held unconstitutional. The Supreme Court rejected that contention, holding that the state court could not do an end-runaround retroactivity by creating an equitable remedy based on the party's reliance on a statute before it was held unconstitutional by the Supreme Court. Yet, that's exactly what the lower court and what defendants are asking this court to do, provide an equitable defense based on the union's reliance on a statute later recognized as unconstitutional by the Supreme Court. So, I would add that point to the points that I've made, the points in my briefs. I also recommend Judge Fipp's dissent in the Third Circuit Diamond Opinion, and I'm happy to answer any additional questions that your honors may have. Otherwise, I'll yield my time. Well, very good. The court appreciates counsel's efforts to cover these difficult issues thoroughly, but avoid without unnecessary duplication, and we do have your very good briefs to work with, plus a lot of views from our colleagues in circuits around the country. So, we will take the cases under advisement and do our best with them.